UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> **STEARNS HOLDINGS, LLC,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 19- 12226 (SCC) <br><br> (Jointly Administered) <br><br> Related Docket No.  33 |

**ORDER (A) APPROVING THE PLAN SPONSOR SELECTION PROCEDURES; (B) ESTABLISHING NOTICE PROCEDURES; AND (C) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 33] (the "Motion") of the above-captioned debtors and debtors-in possession (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"), seeking entry of an order (this "Order"), (a) authorizing and approving the plan sponsor selection procedures attached hereto as Exhibit 1 (the "Selection Procedures") in connection with the new money investment (the "New Money Investment") to be provided by the plan sponsor (the "Plan Sponsor") selected by the Debtors; (b) approving the form and manner of notice of the Plan Sponsor attached hereto as Exhibit 2 (the "Notice"); and (c) granting related relief, all as more fully set forth in the Motion; and upon the *Declaration of Stephen Smith, President and Chief Financial Officer of Stearns Lending, LLC in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 3] and the *Declaration of D.J. Baker in Support of Debtors' Plan Sponsor Selection Procedures Motion* [Docket No. 140]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court

---

[1]  The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the Objection of Pacific Investment Management Company LLC to the Debtors' Motion for an Order approving the Motion [Docket No. 119] (the "Objection"), the Debtors' Reply to the Objection [Docket No. 139] and having heard the statements in support of the relief requested therein at a hearing before this Court and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and this Court having overruled the Objection; and this Court having determined that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings in the Debtors' chapter 11 cases had before this Court; and after due deliberation and sufficient cause appearing therefor; it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

A.     *Plan Sponsor Selection Procedures*. The Debtors have articulated good and sufficient reasons for authorizing and approving the Selection Procedures attached hereto at Exhibit 1, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the value of the New Money Investment.

B.     *Notice of Auction*. The Notice, substantially in the form attached hereto as Exhibit 2 is reasonably calculated to provide all parties with timely and proper notice of the Auction,

2

including: (i) the date, time, and place of the Auction (if one is held); and (ii) the Selection Procedures.

    C.    *Other Findings*. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED to the extent set forth herein.

2.     The Selection Procedures are approved in their entirety and are incorporated into this Order in their entirety.

**A.    Important Dates and Deadlines**

3.     *Proposal Deadline*. September 6, 2019, at 4:00 p.m., prevailing Eastern Time, is the deadline by which all proposals to serve as the Plan Sponsor (each, a "Proposal") satisfying each of the requirements set forth by the Selection Procedures (each, a "Qualified Proposal") must be **actually received** in writing in electronic format by the parties specified in the Selection Procedures (the "Proposal Deadline").

4.     *Auction*. September 9, 2019, at 10:00 a.m., prevailing Eastern Time, is the date and time of the auction (the "Auction") to determine the highest or otherwise best investment proposal and select the Plan Sponsor, if one is needed. The Auction will be held at the offices of proposed counsel to the Debtors: Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036, or such other place and time as the Debtors shall notify all parties submitting Qualified Proposals (each, a "Qualified Investor") (including

Blackstone Capital Partners VI L.P. in its capacity as the Plan Sponsor (the "Stalking-Horse Plan Sponsor")).

**B.    Plan Sponsor Selection Procedures and Related Relief**

(a)    *Plan Sponsor Selection Procedures*

5.    The Selection Procedures, substantially in the form attached hereto as Exhibit 1 and incorporated by reference as though fully set forth herein, are hereby approved in their entirety. The Selection Procedures shall also govern the terms on which the Debtors will proceed with the Auction. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Selection Procedures.

(b)    *No Plan Sponsor Protections*

6.    The prohibition on any party submitting a Proposal (each, a "Potential Investor"), including, without limitation, the Stalking-Horse Plan Sponsor, (a) being entitled to any break-up fee, termination fee, transaction fee, expense reimbursement, or any similar type of payment or reimbursement; or (b) pursuing a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of a Proposal or participation at the Auction is approved.

**C.    Auction**

7.    The Debtors are authorized, subject to the terms of this Order and the Selection Procedures, to take actions reasonably necessary, in the sole discretion of the Debtors, to conduct and implement the Auction.

8.    Only the (a) Debtors; (b) any Qualified Investor (including the Stalking-Horse Plan Sponsor); (c) the Consultation Party[2]; (d) with respect to each of the foregoing

---

[2] Wilmington Trust, National Association in its capacity as the indenture trustee and noteholder collateral agent (the "Indenture Trustee") of the 9.375% senior secured notes issued pursuant to the indenture, dated as of August 8, 2013, as modified from time to time, by and among Stearns Holdings, each of the guarantors party
*(cont'd)*

4

clauses (a) through (c), their representatives, counsel, and advisors; (e) counsel and advisors to any official committees appointed in the Debtors' chapter 11 cases; and (f) such other parties as the Debtors shall determine, shall attend the Auction (such attendance to be in person). Only Qualified Investors will be entitled to make any Proposals at the Auction.

9. The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed. Other than as expressly set forth in this Order or the Selection Procedures, the Debtors may conduct the Auction in the manner they reasonably determine will result in the highest or otherwise best proposal (the "Best Proposal").

10. Each Qualified Investor participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the submission of a Proposal or participation in the Auction; and (b) has reviewed, understands, and accepts the Selection Procedures.

11. The Debtors may (a) select, in their business judgment, pursuant to the Selection Procedures, the Best Proposal and the Plan Sponsor; and (b) in accordance with the Selection Procedures, reject any Proposal that, in the Debtors' business judgment is (i) inadequate or sufficient; (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Selection Procedures; or (iii) contrary to the best interests of the Debtors and their estates, creditors, interest holders, or parties in interest.

---

*(cont'd from previous page)*
thereto (the "Notes") shall be the "Consultation Party" only if a strict wall is put into place prohibiting communications between the Indenture Trustee and its counsel and advisors, on the one hand, and Pacific Investment Management Company LLC ("PIMCO") and any of its affiliates, or any other potential Plan Sponsor, and its counsel and advisors, on the other. In the event that PIMCO commits in writing to the Debtors that it shall not submit a Proposal pursuant to the Selection Procedures, PIMCO shall be named the Consultation Party.

5

**D.    No Credit Bidding**

12.    No portion of a proposed New Money Investment, including any Proposal made by holders of the Notes, may be in the form of a credit bid and the Debtors are not required to consider any proposals to be the Plan Sponsor that includes a credit bid in any amount.

**E.    Auction Notice and Related Relief**

13.    The Notice is hereby approved. Within two business days following the entry of this Order, or as soon as reasonably practicable thereafter (the "Mailing Date"), the Debtors will cause the Notice to be served on (a) any party that has filed a notice of appearance in the Debtors' chapter 11 cases; (b) counsel to the Stalking-Horse Plan Sponsor; (c) counsel to the Consultation Party; (d) any entity on the master service list maintained by the Debtors' claims and noticing agent and available on the Debtor's case website; and (e) any parties known or reasonably believed to have expressed interest in making a New Money Investment and serving as the Plan Sponsor.

**F.    Other Related Relief**

14.    Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby resolved.

15.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.    To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced herein, the provisions of the exhibits shall control.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  New York, New York
       July 24, 2019

                                /s/Shelley C. Chapman
                                UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

Plan Sponsor Selection Procedures

# **EXHIBIT 2**

Plan Sponsor Selection Procedures Notice