UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **STEARNS HOLDINGS, LLC,** *et al.*, | Case No. 19-12226 (SCC) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF ADEQUACY OF DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES, (III) OBJECTION AND VOTING DEADLINES, AND (IV) THE HEARING TO CONFIRM THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF STEARNS HOLDINGS, LLC, ET AL.**

TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST:

1. **Approval of the Disclosure Statement and the Solicitation Procedures.** On August 22, 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving the Disclosure Statement; (II) Scheduling Hearing on Confirmation of the Plan; (III) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (IV) Establishing Deadlines and Procedures for Voting on the Plan; (V) Approving Solicitation Procedures; (VI) Establishing Procedures for Tabulation of Votes; and (VII) Granting Related Relief* [Docket No. 255] (the "Solicitation Procedures Order") that, among other things, (i) approved the adequacy of the *Disclosure Statement with Respect to the Joint Chapter 11 Plan of Reorganization of Stearns Holdings, LLC, et al.* [Docket No. 31] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") filed in support of the *Joint Chapter 11 Plan of Reorganization of Stearns Holdings, LLC, et al.* [Docket No. 30] (as amended from time to time and including all exhibits and supplements thereto, the "Plan") and (ii) authorized the above-captioned debtors and debtors in possession (the "Debtors") to solicit acceptances or rejections of the Plan from holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

2. **Classes Entitled to Vote.** Only holders of Claims in Class 4 (Go-Forward Trade Claims) are entitled to vote to accept or reject the Plan, subject to the solicitation procedures (the "Solicitation Procedures") set forth in the Solicitation Procedures Order. Holders of Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Notes Secured Claims), Class 3 (Other Secured Claims), Class 7 (Intercompany Claims), Class 9 (Intercompany Interests), and Class 10

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer, Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Solicitation Procedures Order, as applicable.

(Protos Interests) are unimpaired and will be presumed to accept the Plan. Holders of Claims or Interests in Class 5 (General Unsecured Claims), Class 6 (Artemis Note Claims), and Class 8 (Existing Stearns Holdings Interests) will receive no distribution under the Plan and will be deemed to reject the Plan.

3. **Solicitation Materials**. Holders of Class 4 Claims (Go-Forward Trade Claims) entitled to vote will receive certain materials related to the solicitation of acceptances of the Plan (including Ballots).

4. **Voting Record Date.** The record date for purposes of determining which holders of Claims in Class 4 are entitled to vote on the Plan is August 22, 2019 (the "Voting Record Date").

5. **Voting Deadline.** The voting deadline for the Plan is **September 20, 2019 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline"). To be counted as votes to accept or reject the Plan, all Ballots must be properly completed, executed, and delivered by: (a) first-class mail; (b) courier; (c) personal delivery, or (d) by electronically signing and submitting an electronic Ballot via the E-Ballot platform on the website maintained by the Debtors' noticing, claims, and solicitation agent, Prime Clerk LLC (the "Voting Agent"), so that they are **actually received**, in any case, no later than the Voting Deadline by the Voting Agent. Any failure to follow the ballot instructions included with the Ballot may disqualify your Ballot and your vote.

6. **Objections to the Plan.** The Court has established **September 24, 2019 at 4:00 p.m. (Eastern Time)** as the deadline for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline"). Any objection to the Plan **must:** (a) be in writing; (b) conform to the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the Southern District of New York; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity; and (d) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection. **Objections, if any, also must be filed with the Court, contemporaneously with a proof of service, and served upon each of the following parties so as to be ACTUALLY RECEIVED no later than the Plan Objection Deadline**: (i) Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attention: Jay Goffman, Mark McDermott, and Shana Elberg; (ii) counsel to any creditors committee appointed by the United States Trustee; (iii) counsel to Blackstone, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attention: Elisha Graff and Jamie Fell; (iv) counsel to Barclays Bank PLC, Hunton Andrews Kurth LLP, 200 Park Avenue, New York, NY 10166, Attention: Peter S. Partee, Sr. and Brian Clarke, (v) co-counsel to Nomura Corporate Funding Americas LLC, Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attention: Mark Shinderman and Lauren C. Doyle and Alston & Bird LLP, 90 Park Avenue, New York, NY 10016, Attention: Karen Gelernt; and (vi) William K. Harrington, United States Trustee For Region 2, United States Department of Justice, Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attention: Brian Masumoto and Andy Velez-Rivera.

7. **Confirmation Hearing.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on **October 3, 2019 at 10:00 a.m. (Eastern Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 623, New York, NY 10004. The Confirmation Hearing may be continued from time to time without further notice other than an

adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

8. **Allowance of Claims for Voting Purposes.** A holder of a claim not entitled to vote on the Plan pursuant to the Solicitation Procedures (each such claim, a "Disputed Claim") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim by the Voting Deadline (the "Voting Resolution Event Deadline"): (a) the Court has entered an order allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) the holder has filed with the Court a motion pursuant to Bankruptcy Rule 3018(a) to temporarily allow such Disputed Claim in a different amount only for voting purposes (a "Rule 3018(a) Motion") and such Rule 3018(a) Motion is subsequently approved by the Court after notice and a hearing, pursuant to the procedures set for in Paragraphs 9-12 of the Solicitation Procedures Order; (c) an agreement is executed between the holder of the Disputed Claim and the Debtors temporarily allowing the holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (d) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by this Court (each, a "Resolution Event").

Rule 3018(a) Motions must (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, (c) set forth the name of the party asserting the Rule 3018(a) Motion, (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (e) be set for hearing at the Confirmation Hearing and (f) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline.

In the event that the Debtors and the holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing, (b) the Voting Agent shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant class in which the provisional Ballot was cast and (c) the Court then shall determine whether the provisional Ballot should be counted as a vote on the Plan.

9. **Discharge, Release, Exculpation, and Injunction Language in the Plan. You are advised to carefully review and consider the Plan, including the discharge, release, exculpation, and injunction provisions set forth in Article IX of the Plan, as your rights may be affected. The text of the discharge, release, exculpation, and injunction provisions of the Plan are set forth below.**

**Section 9.2. Releases by the Debtors.** Pursuant to section 1123(b) of the Bankruptcy Code and to the maximum extent allowed by applicable law, and except as otherwise specifically provided in the Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed forever released and discharged by the Debtors, the Reorganized Debtors, the Estates, and Non-Debtor Affiliates from any and all Claims, obligations, rights, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, their Estates, and Non-Debtor

3

Affiliates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise that the Debtors, the Reorganized Debtors, the Estates, or the Non-Debtor Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and post-petition investment selection process, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor, Reorganized Debtor, Estate, or Non-Debtor Affiliate and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the DIP Documents, the Investment Agreement, or any related agreements, instruments, or other documents, or upon any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided, however,* that nothing in Section 9.2 of the Plan shall be construed to release any party or Entity from gross negligence, intentional fraud, willful misconduct, or criminal conduct, as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

**Section 9.3. Release by Holders of Claims and Interests.** Except as otherwise provided in the Plan, as of the Effective Date, the Releasing Parties release the Released Parties from any and all Claims, obligations, rights, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, their Estates, and Non-Debtor Affiliates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise that the Debtors, the Reorganized Debtors, the Estates, or the Non-Debtor Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the pre- and post-petition investment selection process, the Debtors' Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, including (without limitation) any tender rights provided under any applicable law, rule, or regulation, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in the Plan, the business or contractual arrangements between the Releasing Parties and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, Investment Agreement, the DIP Documents, the Plan Supplement, or related agreements, instruments or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, *however*, that nothing in Section 9.3 of the Plan shall be construed to release any party or entity from gross negligence, intentional fraud, willful misconduct, or criminal conduct, as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under

the Plan or any document, instrument, or agreement executed to implement the Plan; *provided*, *further*, that the release set forth above shall not operate as a release by the DIP Repo Agent of Blackstone Capital Partners VI NQ/NF L.P. of any claims under the Limited Recourse Guarantee, which shall remain in full force and effect until such Limited Recourse Guarantee terminates in accordance with its terms.

**Section 9.4. Exculpation.** Except as otherwise specifically provided in the Plan or Plan Supplement, no Released Party shall have or incur, and each Released Party is hereby released and exculpated from, any Exculpated Claim, obligation, cause of action or liability for any Exculpated Claim, except for gross negligence, intentional fraud or willful misconduct (to the extent such duty is imposed by applicable non-bankruptcy law), but in all respects such Persons shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Debtors and the Reorganized Debtors (and each of their respective Affiliates, agents, directors, officers, employees, advisors and attorneys) have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the Plan securities pursuant to the Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Section 9.5. Discharge of Claims and Termination of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in full and final satisfaction, settlement, release, and discharge, effective as of the Effective Date, of all Claims, Interests and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against and Interests in, the Debtors or any of their Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim or Interest based upon such Claim, debt, right, or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the holder of such a Claim or Interest has accepted the Plan. The Plan shall bind all holders of Claims and Interests notwithstanding whether any such holders failed to vote to accept or reject the Plan. All Claims and Interests shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including any liability of the kind specified under Bankruptcy Code section 502(g). All Entities shall be precluded from asserting against the Debtors, the Estates, the Reorganized Debtors, their successors and assigns, and their Assets and properties any other Claims or Interests based upon any documents, instruments, or any act of omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests, subject to the Effective Date.

**Section 9.6. Injunction.** EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTION 9.2 OR SECTION 9.3 OF THE PLAN, DISCHARGED PURSUANT TO SECTION 9.4 OF THE PLAN, OR ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 9.4 OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE RELEASED PARTIES: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATES OF SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (D) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY, THE ESTATES, OR THE RELEASED PARTIES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE RELEASED PARTIES SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR HEREIN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(G) OF THE BANKRUPTCY CODE. ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, THE REORGANIZED DEBTORS, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

10. **Access to Documents and Inquiries.** Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan, and all documents filed in the Chapter 11 Cases may be accessed through the Debtors' restructuring information website, https://cases.primeclerk.com/stearns. If you have questions regarding the procedures and requirements for voting on the Plan and/or for objecting to the Plan, or if you would like paper copies of the Solicitation Procedures Order, the Disclosure Statement, or the Plan, you may contact Prime Clerk LLC, the Voting Agent, by: (a) emailing Stearnsballots@primeclerk.com or (b) calling the Debtors' restructuring hotline at (844) 234-1461. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.