UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> **STEARNS HOLDINGS, LLC,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 19-12226 (SCC) <br><br> Jointly Administered <br><br> Related Docket Nos. 30, 31, 219, 220, 236, 317, 318, 319, 336, 338, and 339 |

**ORDER (I) APPROVING THE AMENDED DISCLOSURE STATEMENT; (II) SCHEDULING AN EXPEDITED HEARING AND SHORTENING NOTICE ON CONFIRMATION OF THE AMENDED PLAN; (III) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE AMENDED PLAN; (IV) ESTABLISHING AND SHORTENING NOTICE ON DEADLINES AND PROCEDURES FOR VOTING ON THE AMENDED PLAN; (V) APPROVING SOLICITATION PROCEDURES; (VI) ESTABLISHING PROCEDURES FOR TABULATION OF VOTES; AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (the "Debtors") for entry of an order (this "Amended Disclosure Statement Order"), pursuant to sections 105, 1123, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1, 3018-1, 3020-1, and 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), (i) approving the Amended Disclosure Statement; (ii) scheduling an expedited hearing and shortening notice on confirmation of the Plan; (iii) establishing deadlines

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and procedures for filing objections to confirmation of the Plan; (iv) establishing deadlines and procedures for voting on the Plan; (v) approving the Solicitation Procedures; (vi) establishing procedures for tabulation of votes; and (vii) granting related relief; and the Debtors having filed the *Amended Joint Chapter 11 Plan of Reorganization of Stearns Holdings, LLC, et al.* [Docket No. 318] (as the same may be amended, modified, or supplemented from time to time, the "Plan") and the *Amended Disclosure Statement with Respect to the Amended Joint Chapter 11 Plan of Reorganization of Stearns Holdings, LLC et al.* [Docket No. 319] (as the same may be amended, modified, or supplemented from time to time, the "Amended Disclosure Statement"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections to the Motion and the Amended Disclosure Statement having been withdrawn or overruled for reasons stated on the record at the hearing to consider approval of the Amended Disclosure Statement; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings had before this Court; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Amended Disclosure Statement is hereby APPROVED in all respects pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017(b).

3. The Amended Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third-party release) provisions contained in the Plan.

4. The Amended Disclosure Statement complies with all applicable Local Bankruptcy Rules.

5. Confirmation Hearing Date. The hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall commence on **October 24, 2019, at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing Date"), or as soon thereafter as counsel can be heard before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 623, New York, NY 10004. The Confirmation Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or this Court, without further notice to parties in interest.

6. Deadline and Procedures for Filing Objections to Confirmation. The deadline for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline") shall be **October 17, 2019 at 4:00 p.m. (Eastern Time)**. In order to be considered, objections, if any, to confirmation of the Plan must (a) be made in writing; (b) comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or property of the

Debtors or their estates; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following parties, so as to be received on or before the Plan Objection Deadline: (i) Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attention: Jay Goffman, Mark McDermott, and Shana Elberg; (ii) counsel to any statutory committee appointed by the United States Trustee, or until such time as any committee is appointed, the entities listed on the consolidated list of 30 largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (iii) counsel to Blackstone, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attention: Elisha Graff and Jamie Fell; (iv) counsel to PIMCO, Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067, Attention: Bennett L. Spiegel and Stacey Rosenberg; (v) counsel to the indenture trustee for the Debtors' Notes, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801, Attention: Kurt F. Gwynne (kgwynne@reedsmith.com) and Jason D. Angelo (jangelo@reedsmith.com); (vi) counsel to Barclays Bank PLC, Hunton Andrews Kurth LLP, 200 Park Avenue, New York, NY 10166, Attention: Peter S. Partee, Sr., and Brian Clarke, (vii) co-counsel to Nomura Corporate Funding Americas LLC, Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attention: Mark Shinderman and Lauren C. Doyle and Alston & Bird LLP, 90 Park Avenue, New York, NY 10016, Attention: Karen Gelernt; and (viii) William K. Harrington, United States Trustee For Region 2, United States Department of Justice, Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attention: Brian Masumoto and Andy Velez-Rivera (collectively, the "<u>Notice Parties</u>"). Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline. The Debtors' reply to

4

any objections shall be filed and delivered to this Court no later than **October 21, 2019, at 12:00 p.m. (Eastern Time)**.

7. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph may not be considered by the Court and may be overruled.

8. Voting Record Date. The record date for purposes of determining (a) creditors entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan, shall be **September 19, 2019** (the "Voting Record Date").

9. Procedures for Temporary Allowance of Claims for Voting Purposes. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("Rule 3018(a) Motions") shall be October 7, 2019, at 4:00 p.m. (Eastern Time) (the "Rule 3018(a) Motion Deadline").

10. In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (c) state the name and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

11. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination of such Rule 3018(a) Motion by the Court. If, and

5

to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional ballot should be counted as a vote on the Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.[3]

12. <u>Voting Deadline.</u> To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent (as defined below) by **October 17, 2019, at 4:00 p.m. (Eastern Time)** (the "<u>Voting Deadline</u>"). The Debtors are hereby authorized to extend, in their sole discretion, by written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

13. <u>Voting Procedures.</u> For purposes of voting, the Class 2 (Notes Secured Claims) voting amounts shall be based on the applicable positions held by the beneficial holders of the Notes through their respective Nominees (as defined below) as of the Voting Record Date as evidenced on the securities position report maintained by the Depository Trust Company ("<u>DTC</u>"). To the extent that there are any directly registered holders of the Notes other than Cede & Co. (the nominee name for DTC), the voting amount shall be the amount as set forth in the register maintained by the indenture trustee for the Notes.

14. <u>Notice and Transmittal of Solicitation Packages Including Ballots and Notices.</u> Within two business days after the date of entry of this Amended Disclosure Statement Order by the Court, the Debtors shall mail or cause to be mailed by first-class mail to all of their known creditors and all other entities required to be served under Bankruptcy Rules 2002 and

---

[3] Claims will be determined for distribution purposes in accordance with the procedures set forth in the Plan.

3017, notice of, inter alia, the Confirmation Hearing, substantially in the form attached hereto as Exhibit A (the "Confirmation Hearing Notice"), which form is hereby approved.

15. **Non-Voting Notices.** In addition, the Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims or interests in Class 1 (Priority Non-Tax Claims), Class 3 (Other Secured Claims), Class 4 (Go-Forward Trade Claims), Class 5 (General Unsecured Claims), Class 7 (Intercompany Claims), Class 9 (Intercompany Interests), and Class 10 (Protos Interests) under the Plan, which classes are unimpaired, are conclusively presumed to have accepted the Plan, and are not entitled to vote, only a copy of the Notice of Non-Voting Status with Respect to Unimpaired Classes Presumed to Accept the Plan, substantially in the form attached hereto as Exhibit B-1 (the "Unimpaired Notice"); and (b) holders of claims or interests in Class 6 (Artemis Note Claims) and Class 8 (Existing Stearns Holdings Interests), which classes are impaired, are deemed to have rejected the Plan, and are not entitled to vote, only a copy of the Notice of Non-Voting Status with Respect to Impaired Classes Presumed to Reject the Plan, substantially in the form attached hereto as Exhibit B-2 (the "Impaired Notice"); *provided*, *however*, that each Debtor with a claim or interest in Class 7 (Intercompany Claims), Class 8 (Existing Stearns Holdings Interests), and Class 9 (Intercompany Interests) will be deemed to have received such notice of non-voting status without actually mailing such notice to such Debtor. The Unimpaired Notice, substantially in the form of Exhibit B-1, and the Impaired Notice, substantially in the form of Exhibit B-2, are hereby approved.

16. **Solicitation Packages.** The Debtors shall transmit or cause to be transmitted by first-class mail (except as provided in paragraph 17 below) to holders of claims in Class 2 (Notes Secured Claims) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "Solicitation Package"). The Solicitation Package shall

7

contain copies or conformed printed versions of: (i) the Amended Disclosure Statement, including a copy of the Plan as an exhibit; (ii) a copy of this Amended Disclosure Statement Order (without exhibits); and (iii) the Confirmation Hearing Notice. In addition, each Solicitation Package shall contain (a) one or more ballots (and a pre-addressed, postage-prepaid return envelope) appropriate for the specific creditor, in substantially the form of the proposed ballot attached hereto as Exhibit C-1 (the "Ballot"), which form of Ballot is hereby approved, and (b) to the extent appropriate, and at the discretion of the Debtors, an Internal Revenue Service Form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.

17. If a beneficial holder of the Notes has previously agreed to receive such voting materials through its Nominee by e-mail, the Debtors may honor that request and transmit (or cause to be transmitted) the Solicitation Package to that beneficial holder by e-mail.

18. The Debtors, in their discretion, may provide the Amended Disclosure Statement, including the Plan as Exhibit A to the Amended Disclosure Statement, and this Amended Disclosure Statement Order, in the form of a CD-ROM or USB flash drive in an Adobe Acrobat (PDF) standard format, rather than in paper copies. Parties may submit a request to the Voting Agent if they prefer paper copies of the Amended Disclosure Statement, Plan, or this Amended Disclosure Statement Order and all such requests shall be fulfilled promptly.[4]

19. Creditors holding (a) unclassified or unimpaired or otherwise non-voting claims and also (b) claims in a class that is designated as impaired and entitled to vote under the

---

[4] The Amended Disclosure Statement, Plan, and all other documents filed in these Chapter 11 Cases are available free of charge on the Debtors' case website at https://cases.primeclerk.com/stearns.

Plan shall receive only the Solicitation Package appropriate for the applicable voting, impaired class.

20. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide a copy of the Solicitation Package to certain holders of claims or interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code.

21. <u>Procedures for Transmittal to Record Holders of Securities.</u> The Solicitation Package shall be mailed in accordance with the procedures outlined above to (a) each directly registered holder of the Debtors' 9.375% senior secured notes due 2020 (the "<u>Notes</u>") as of the Voting Record Date (if applicable), and (b) each nominee for beneficial holders of the Notes (each, a "<u>Nominee</u>") identified by the Debtors' Voting Agent based on the DTC's securities position report as of the Voting Record Date as an entity through which beneficial holders indirectly hold the Notes. The Debtors are authorized to send Solicitation Packages to Nominees in paper format or via electronic transmission in accordance with the customary requirements of each Nominee.

22. <u>Registered Holders.</u> Wilmington Trust, National Association, indenture trustee and collateral agent of the Notes, will, at the request of the Debtors, timely cooperate in (a) providing the Voting Agent with the names, addresses, account numbers, and holdings of the respective directly registered holders as of the Voting Record Date, in spreadsheet format, or (b) confirming that there are no directly registered holders as of the Voting Record Date.

23. <u>Dissemination to Beneficial Holders.</u> The Nominees through which beneficial holders hold Notes shall promptly distribute Solicitation Packages to such holders and cooperate with the Voting Agent to accomplish such distribution as soon as possible, but in no case later than five business days after receipt by the Nominees of the Solicitation Packages.

9

24. <u>Voting by Beneficial Holders of the Notes.</u> Nominees shall obtain the votes of beneficial holders of Notes by forwarding the Solicitation Package to each beneficial holder of the Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee. The Voting Agent shall send Solicitation Packages in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee shall then distribute the Solicitation Packages, as appropriate, in accordance with its customary practices and obtain votes to accept or reject the Plan also in accordance with its customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee is authorized to send the voting instruction form; provided, however, that the Nominee shall also distribute to the beneficial holder the Ballot approved by this Amended Disclosure Statement Order. Nominees shall summarize the individual votes of their respective beneficial holders cast on their Ballots on a master Ballot, in substantially the form of the Master Ballot attached hereto as <u>Exhibit C-2</u> (the "<u>Master Ballot</u>"), as applicable, and then return the Master Ballot to the Voting Agent. The Master Ballot substantially in the form attached hereto as <u>Exhibit C-2</u> is hereby approved.

25. <u>When No Notice or Transmittal Is Necessary.</u> Notwithstanding any provision of this Amended Disclosure Statement Order to the contrary, no notice or service of any kind shall be required to be made upon any person to whom the Debtors mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or the Amended Disclosure Statement Notice and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order

expired," or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

26. The Debtors shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

27. <u>Publication Notice.</u> The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit D</u>, once within five business days after the entry of this Amended Disclosure Statement Order in the national edition of the *Wall Street Journal*.

28. <u>Voting Agent.</u> In connection with the solicitation of votes with respect to the Plan, Prime Clerk LLC ("<u>Prime Clerk</u>") shall serve as voting agent for all creditors entitled to vote on the Plan (the "<u>Voting Agent</u>"). The Voting Agent is authorized and directed to assist the Debtors in (a) mailing the Solicitation Packages and other notices, (b) soliciting votes on the Plan, (c) receiving and tabulating Ballots cast on the Plan, (d) certifying to the Court the results of the balloting, and (e) responding to inquiries from creditors relating to the Plan, the Amended Disclosure Statement, the Ballots, and matters related thereto. Ballots not received by the Voting Agent shall be deemed invalid and shall not be counted.

29. <u>Procedures for Vote Tabulation; Votes Counted.</u> Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Class 2 to timely deliver a properly

11

executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

30. Each holder of Notes Secured Claims shall be deemed to have voted the full principal amount of its claim relating to such claim, as of the Voting Record Date, notwithstanding anything to the contrary on the Ballot.

31. For purposes of the Voting Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before 21 days prior to the Voting Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the 21-day period in the evidence of transfer and the evidence of transfer was docketed at least one business day prior to the Voting Record Date.

32. <u>Procedures for Vote Tabulation, Votes Not Counted.</u> Unless otherwise ordered by the Court after notice and a hearing, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    (a)    any Ballot received after the Voting Deadline;

    (b)    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    (c)    any Ballot cast by a person or entity that does not hold a claim in Class 2 that is entitled to vote to accept or reject the Plan;

    (d)    any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

    (e)    any Ballot (other than a Master Ballot) that casts part of its vote to accept the Plan and part to reject the Plan;

    (f)    any form of Ballot other than the form sent by the Voting Agent, or a copy thereof;

    (g)    any Ballot received that the Voting Agent cannot match to an existing database record;

    (h)  any Ballot that does not contain an original signature; and

    (i)  any Ballot that is submitted by facsimile, by email, or by any means of electronic submission other than as provided herein.

  33.  The following procedures and general assumptions shall govern tabulation of the Ballots:

    (a)  ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted;

    (b)  if a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots cannot be counted; and

    (c)  the Debtors, in their discretion, may waive any defect in any Ballot.

  34.  Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

  35.  <u>Withdrawal of Vote.</u> Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

36. <u>Changing Votes.</u> Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots without prejudice to the Debtors' right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot for all purposes.

37. <u>No Division of Claims or Votes.</u> A creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan, and each creditor who votes and holds multiple claims within Class 2 must vote all such claims to either accept or reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

38. <u>Procedures for Counting Ballots from Holders of Notes Secured Claims.</u> Nominees through which beneficial holders hold Notes Secured Claims shall receive and summarize on a Master Ballot all beneficial holder Ballots cast by the beneficial holders they serve and then return the Master Ballot to the Voting Agent on or before the Voting Deadline.

39. Notwithstanding anything to the contrary herein, Nominees may provide Master Ballots to the Voting Agent via email at stearnsballots@primeclerk.com prior to the Voting Deadline.

40. Nominees shall be required to retain for inspection by the Court for one year following the Voting Deadline the Ballots cast by their beneficial holders.

41. Nominees may elect to pre-validate a beneficial holder Ballot (a "<u>Pre-Validated Ballot</u>") by (a) signing the applicable beneficial holder Ballot and including its Depository Trust Company Participant Number, (b) indicating on the beneficial holder Ballot the

14

account number of such holder, and the principal amount of Notes held by the Nominee for the benefit of such beneficial holder, and (c) forwarding the beneficial holder Ballot (together with the full Solicitation Package) to the beneficial holder for voting. The beneficial holder must then complete the information requested in the Ballot (including indicating a vote to accept or reject the Plan), review the certifications contained therein, and return the Beneficial Holder Ballot directly to the Voting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is actually received by the Voting Agent on or before the Voting Deadline. A list of beneficial holders to whom the Nominee sent Pre-Validated Ballots shall be maintained by the Nominee for inspection for at least one year following the Voting Deadline.

42. Votes cast by the beneficial holders through a Nominee and transmitted by means of a Master Ballot or a Pre-Validated Ballot shall be applied against the positions held by such Nominees as evidenced by the list of record holders of the Notes or provided by the applicable securities depository. Votes submitted by a Nominee on a Master Ballot shall not be counted in excess of the position maintained by the respective Nominee on the Voting Record Date.

43. To the extent that conflicting, double, or over-votes are submitted on Master Ballots, the Voting Agent shall attempt to resolve such votes prior to the vote certification in order to ensure that the votes of beneficial holders of Notes are accurately tabulated. Further, to the extent that such conflicting, double, or over-votes are not reconciled prior to the vote certification, the Voting Agent shall count votes in respect of each Master Ballot in the same proportion as the votes of the beneficial holders to accept or reject the Plan submitted on such Master Ballot, but only to the extent of the applicable Nominee's position on the Voting Record Date in the Notes.

44. For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, to the extent allowed, with respect to the securities thus voted.

45. Nominees are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots should be counted, except to the extent that they are duplicative of the other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the last valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' rights to object to the validity of any subsequently received Master Ballot on any basis permitted by law, including Bankruptcy Rule 3018(a) and, if such objection is sustained, the prior Master Ballot then shall be counted.

46. <u>Classes Deemed to Reject.</u> The holders of claims or interests in Classes 6 and 8 shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

47. <u>Voting Class; Deemed Acceptance by Non-Voting Classes.</u> If no holders of Class 2 claims eligible to vote in Class 2 vote to accept or reject the Plan, the Plan will be deemed accepted by the holders of claims in Class 2. The holders of claims in Classes 1, 3, 4, 5, 7, 9, and 10 shall be deemed to have accepted the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

48.     <u>Certification of Vote.</u> The Voting Agent shall file its voting certification (the "<u>Voting Certification</u>") on or before **October 21, 2019**. The Debtors shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and post such Voting Certification on the Debtors' case website as soon as practicable after the Voting Certification is filed.

49.     <u>Service and Notice Adequate and Sufficient.</u> Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

50.     The Debtors are authorized to make non-substantive changes to the Amended Disclosure Statement, the Plan, the Ballots, the Master Ballots, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Amended Disclosure Statement, the Plan, and any other related materials prior to their mailing to parties in interest.

51.     The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Amended Disclosure Statement Order.

Dated: New York, New York
September 26, 2019

                                                    /S/ Shelley C. Chapman
                                                  HONORABLE SHELLEY C. CHAPMAN
                                                  UNITED STATES BANKRUPTCY JUDGE