SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Shana A. Elberg
Evan A. Hill
Edward P. Mahaney-Walter
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STEARNS HOLDINGS, LLC**, *et al.*, | **Case No. 19-12226 (SCC)** |
| Debtors.[1] | **Jointly Administered** |

**NOTICE OF (I) ENTRY OF FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER CONFIRMING THE AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF STEARNS HOLDINGS, LLC, ET AL. AND
(II) OCCURRENCE OF EFFECTIVE DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.   **Plan Confirmation.** On October 24, 2019, the Bankruptcy Court entered an order (the "**Confirmation Order**") confirming the Amended Joint Chapter 11 Plan of Reorganization of Stearns Holdings, LLC, *et al*. (the "**Plan**") [Docket No. 432].[2]

2.   **Copies of Plan and Confirmation Order.** The Confirmation Order included the Plan as Exhibit A. The Confirmation Order, the Plan, and the other documents filed in these

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer, Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition, LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

[2] Capitalized terms used but not defined herein have the meanings assigned to them in the Confirmation Order or, if not used therein, in the Plan.

cases are available free of charge at https://cases.primeclerk.com/stearns/Home-DocketInfo or for a nominal fee at https://ecf.nysb.uscourts.gov/ (with use of a PACER account).

3.  **Effective Date.** On November 5, 2019, the Effective Date of the Plan occurred. All conditions precedent to the Effective Date set forth in Section 10.2 of the Plan have been satisfied or waived.

4.  **Professional Claims.**

    a. *Final Fee Applications.* All final requests for payment of Fee Claims must be filed no later than 45 days after the Effective Date. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Bankruptcy Rules and prior orders of the Bankruptcy Court, the Allowed amounts of such Fee Claims shall be determined by the Bankruptcy Court.

    b. *Post-Effective Date Fees and Expenses.* Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate, and the Reorganized Debtors may employ and pay any Professional for services rendered or expenses incurred after the Effective Date in the ordinary course of business, without any further notice to any party or action, or order or approval of the Bankruptcy Court.

5.  **Administrative Claims.** Except to the extent that a holder of an Allowed Administrative Claim agrees to less favorable treatment, each holder of an Allowed Administrative Claim (other than a Fee Claim, Priority Tax Claim, or DIP Claim) shall receive, in full satisfaction, settlement, release and discharge of and in exchange for its Allowed Administrative Claim, Cash equal to the unpaid portion of its Allowed Administrative Claim on the latest of: (a) the first Distribution Date; (b) the date on which its Administrative Claim becomes an Allowed Administrative Claim; (c) the date on which its Administrative Claim becomes payable under any agreement with the Debtors relating thereto; (d) in respect of liabilities incurred in the ordinary course of business, the date upon which such liabilities are payable in the ordinary course of the Debtors' business, consistent with past practice; or (e) such other date as may be agreed upon between the holder of such Allowed Administrative Claim and the Debtors or the Reorganized Debtors, as the case may be; *provided, however,* that the holder of any Administrative Claim shall have filed a Proof of Claim no later than 30 days after the Effective Date, and such Claim shall have become an Allowed Claim, other than the holder of: (v) a DIP Claim; (w) a Fee Claim; (x) an Administrative Claim Allowed by a Final Order of the Bankruptcy Court on or before the Effective Date; (y) an Administrative Claim that is not Disputed, arose in the ordinary course of business, and was paid or is to be paid in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim; or (z) an Administrative Claim arising under chapter 123 of title 28 of the United States Code. Any request for payment of an Administrative Claim pursuant to Section 2.1 of the Plan that is not timely filed and served shall be Disallowed automatically without the need for any objection from the Debtors.

6.  **Claims Objection Deadline.** "**Claims Objection Deadline**" means, for each Claim, the latest of (a) the date that is 90 days after the Effective Date; (b) as to a particular

Claim, 90 days after the filing of a Proof of Claim, or request for payment of such Claim; and (c) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to Claims.

7. **Assumption and Rejection of Executory Contracts and Unexpired Leases.** Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, all Executory Contracts and Unexpired Leases to which any of the Debtors are parties shall be deemed assumed unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) had previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date; (iv) is identified for rejection on the Rejection Schedule included in the Plan Supplement; or (v) is to be rejected pursuant to the terms of the Plan. Entry of the Confirmation Order constitutes a Bankruptcy Court order approving the assumptions or rejections of such Executory Contracts or Unexpired Leases as set forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Unless otherwise indicated, all assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by such order. After the Effective Date, the Reorganized Debtors shall have the right to terminate, amend or modify any intercompany contracts, leases or other agreements without approval of the Bankruptcy Court. All assumed Executory Contracts and Unexpired Leases shall remain in full force and effect for the benefit of the Reorganized Debtors, and be enforceable by the Reorganized Debtors in accordance with their terms, notwithstanding any provision in such assumed Executory Contract or Unexpired Lease that prohibits, restricts, or conditions such assumption, assignment, or transfer. Any provision in the assumed Executory Contracts and Unexpired Leases that purports to declare a breach or default based in whole or in part on commencement or continuance of these Chapter 11 Cases or any successor cases is deemed unenforceable. To the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan (including, without limitation, any "change of control" provision) restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the Reorganized Debtors' assumption of such Executory Contract or Unexpired Lease, then such provision will be deemed modified such that the transactions contemplated by the Plan will not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

8. **Claims Based on Rejection of Executory Contracts or Unexpired Leases.** All Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within 30 days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of the Bankruptcy Court.

9. **Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.** After the Effective Date, to continue receiving documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

Dated: New York, New York
November 5, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Jay M. Goffman*
Jay M. Goffman
Mark A. McDermott
Shana A. Elberg
Evan A. Hill
Edward P. Mahaney-Walter
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to Debtors
and Debtors in Possession*